

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bruce L. Parker
County Attorney
Gray County
Pampa, Texas

Dear Sir:

Opinion No. O-6848
Re: Whether penalties and in-
terest on delinquent taxes
are a valid lien against
the property or estate of
a deceased land owner.

You have requested the opinion of this department
on the following factual situation:

"The tax collector of this county has on
his delinquent tax roll taxes for a number of
years on property owned by one O.M. Humphrys.
Mr. Humphrys died a few months ago and his es-
tate is denying any liability for penalties and
interest due on such delinquent ad valorem tax
on the theory that penalties and interest are
penal in nature and that they do not continue
as a lien against the land after the death of
the land owner.

". . . .

"May I have your opinion as to whether such
penalties and interest are a valid lien against
the property or against the estate of the de-
ceased land owner."

Article 8, Section 15, of the Constitution of Texas,
is as follows:

"The annual assessment made upon landed
property shall be a special lien thereon; and
all property, both real and personal, belonging
to any delinquent taxpayer shall be liable to
seizure and sale for the payment of all the

Honorable Bruce L. Parker, page 2

taxes and penalties due by such delinquent; and
such property may be sold for the payment of
the taxes and penalties due by such delinquent,
under such regulations as the Legislature may
provide." (Emphasis ours)

Under the decision of the Supreme Court of Texas
in Jones v. Williams, 45 S.W. (2d) 130, 136, it was held that:

"Section 15 of Article 8 of the Constitu-
tion provides a descriptive legal term for ex-
actions which maybe imposed by the Legislature
for failure to pay property taxes, namely, 'pen-
alties,' a common-law term implying punishment."

The question there involved was whether or not in-
terest and penalties constituted a part of the tax which the
Legislature could not remit by general law, in violation of
Section 56, Article 3, Constitution of Texas. The court held
that interest was a penalty and that neither formed a part of
the tax so as to prevent their remission by general law.

In the case of City of San Antonio v. Toepperwien,
104 Tex. 43, 133 S.W. 416, the question was involved as to
whether the provisions of Section 15 of Article 8 of the
Constitution, supra, created such a lien as would attach to
a homestead despite the provisions of Section 50, Article 16,
of the Constitution. There was also involved the question
as to whether or not the purchaser of a homestead belonging
to a decedent upon which delinquent taxes, interest and penal-
ties had accrued and who purchased such homestead subject to
the lien for all taxes which had accrued thereon, was person-
ally liable for the payment of such taxes and penalties.

The court held as follows:

"Section 15 of article 8 of the Constitution
of this state reads as follows: 'The annual as-
sessment made upon landed property shall be a
special lien thereon, and all property, both real
and personal, belonging to any delinquent tax-
payer shall be liable to seizure and sale for
the payment of all the taxes and penalties due
by such delinquent; and such property may be
sold for the payment of the taxes and penalties
due by such delinquent, under such regulations

Honorable Bruce L. Parker, page 3

as the Legislature may provide.' The plain and
unmistakable meaning of the language quoted sub-
jects all landed property in this state to sale
for assessment of taxes lawfully made thereon
and for all penalties provided by law which may
accrue on account of delinquencies in the pay-
ment of such taxes. 'All landed property' is a
comprehensive phrase, and the Constitution makes
no distinction as to the use which may be made
of it. The language comprehends all lands
whether it be a homestead or not. We presume
that it would not be contended that section 15,
art. 8, would not be sufficient to make the home-
stead liable for the penalties if the Constitu-
tion did not contain section 50, art. 16. . . ."

After disposing of the question of the validity of
the constitutional lien for both the taxes and penalties, the
court holds as follows as to the personal liability of the
purchaser:

". . . The purchaser of property incumber-
ed with notice always buys it subject to a pre-
vious valid lien, but he does not, although he
may express the effect of his purchase in terms
by saying that he purchased it subject to the
lien, become personally liable for the debt.
Garza v. Hammond, 39 S.W. 610."

In the case of Richey, et al., v. Moor, 249 S.W.
172, 173, (Sup.) Chief Justice Cureton, after quoting Section
15, Article 8, of the present Constitution, supra, and simil-
ar provisions of the Constitution of 1869, states as follows:

"The difference between these two provisions
is apparent, but, in so far as a lien is given on
land for taxes, the language used is substantial-
ly identical, and in meaning precisely the same.
Prior to the incorporation of the language used
in section 20, just quoted, with reference to a
lien on land for taxes, in the Constitution of
1876, its meaning had been definitely declared
by this court. As used in the Constitution of
1869 it was held to mean that the lien provided
for attached, not to the property of the taxpayer

generally, but only to each separate tract or parcel of land for the taxes assessed against it. ... (Citing cases) By incorporating this language in the Constitution of 1876 without material change or modification, the people in adopting the Constitution necessarily adopted the construction previously given it by the highest court of the state, and the language of the present Constitution has the same meaning which it had in that' of 1869 as declared by the Supreme Court. ... (Citing cases)"

Therefore, it is the opinion of this department that the penalties and interest constitute a lien against the land, although the delinquent Humphry is deceased. However, such lien attaches only against the particular tract of land upon which the taxes were delinquent, and does not attach to other lands or property of the estate. In other words, a lien attaches against each tract of land only for the taxes, interest and penalties against it.

Hence, there is no valid lien against the remainder of the estate of the decedent, if any, unless the estate is or becomes insolvent, in which event Article $7^2 69$, Revised Civil Statutes, would be applicable. The entire estate of the decedent is liable for any deficiency judgment which might exist after the foreclosure and sale of the landed property for the delinquent taxes and penalties.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       C. K. Richards
            Assistant

CKR:db

APPROVED OCT 6 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN